IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHIRLEY S. ABRAHAMSON,
JOSEPH P. HEIM,
DAVID PERKINS,
JOHN V. LIEN,
MARILYN WITTRY, and
HILDE ADLER,

                Plaintiffs,                ORDER

  v.

                                               15-cv-211-jdp

SCOTT NEITZEL, in his official capacity as
Secretary of the Wisconsin Department of Administration,
WISCONSIN DEPARTMENT OF ADMINISTRATION,
ANN WALSH BRADLEY, in her official capacity as
a justice of the Wisconsin Supreme Court,
N. PATRICK CROOKS, in his official capacity as
a justice of the Wisconsin Supreme Court,
MICHAEL J. GABELMAN, in his official capacity as
a justice of the Wisconsin Supreme Court,
DAVID T. PROSSER, JR., in his official capacity as
a justice of the Wisconsin Supreme Court,
PATIENCE D. ROGGENSACK, in her official capacity as
a justice of the Wisconsin Supreme Court,
ANNETTE KINGSLAND ZIEGLER, in her official capacity as
a justice of the Wisconsin Supreme Court,
PAM RADLOFF, in her official capacity as
Deputy Director of Management Services, Wisconsin State Courts,
MARGARET BRADY, in her official capacity as
human resources officer for the Wisconsin State Courts,
DOUG LA FOLLETTE, in his official capacity as
Secretary of State of the State of Wisconsin, and
MATT ADAMCZYK, in his official capacity as
State Treasurer of Wisconsin,

                Defendants.

---

      Shirley Abrahamson, the current chief justice of the Wisconsin Supreme Court, filed this suit to challenge the implementation of an amendment to the Wisconsin Constitution, approved by voters just two days ago, on April 7, 2015. Under the amendment, the chief justice will be elected by the members of the court to serve a two-year term. Formerly, the chief justice

had been determined by seniority. Justice Abrahamson is the longest-serving justice on the Wisconsin Supreme Court, and by virtue of her seniority, she has been chief justice since 1996. Justice Abrahamson does not challenge the validity of the amendment, but she seeks a declaration from this court that it must be applied only prospectively, by which she means after her current term expires in 2019. She contends that under well-established principles of legal construction, the amendment cannot be implemented retroactively, by which she means before the expiration of her current term.

Justice Abrahamson brings this case in federal court because she contends that a retroactive implementation would deprive her, and the other plaintiffs (voters who supported her reelection), of rights protected under the United States Constitution. Thus, plaintiffs have filed a complaint under 42 U.S.C. § 1983, which provides a means of asserting federal legal rights against state officers. Plaintiffs have also filed a motion for preliminary injunction and a temporary restraining order to prevent defendants from electing a new chief justice before this case is resolved on the merits.

I have made no determination of the merits of plaintiffs' case. But I will deny the motion for an ex parte temporary restraining order because plaintiffs have not shown that I should take the extraordinary step of issuing an injunction without hearing from defendants. Under Federal Rule of Civil Procedure 65(b)(1)(A), a temporary restraining order is appropriate *only* if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The movant's attorney must also "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiffs have not provided this certification. These are not mere technicalities. Indeed, "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be

heard has been granted [to] both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974).

Neither the complaint nor the motion for preliminary relief articulate a reason to believe that the Wisconsin Supreme Court or other state officers will implement the amendment immediately, before defendants can be heard in opposition to plaintiffs' request for preliminary injunction. To the contrary, plaintiffs allege that the Wisconsin Government Accountability Board has yet to certify the results of the April 7 election. Dkt. 1, ¶ 29. The results of the election are thus, at this point, unofficial. Although certification is a formality, I understand that the election results will not likely be certified as official until the regular April meeting of the Government Accountability Board, now set for April 29. Absent some showing that defendants are moving to implement the amendment immediately, I must conclude that the risk of irreparable injury to plaintiffs is not so imminent as to require ex parte action.

Although I am denying plaintiffs' motion for an ex parte restraining order, I do so without prejudice to reviving the motion if new evidence shows the need for it. But I expect that this will not be necessary because I will schedule this case for prompt resolution. Accordingly, I will hold a status conference on April 21, 2015, at 2:00 p.m. The parties should be prepared to set the case schedule, and if necessary, to set briefing deadlines and a hearing date for plaintiffs' motion for preliminary injunction.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' motion for an ex parte temporary restraining order is DENIED.

2. This case is scheduled for a status conference on April 21, 2015, at 2:00 p.m. (courtroom to be announced).

Entered April 9, 2015.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge