IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHIRLEY S. ABRAHAMSON,
JOSEPH P. HEIM,
DAVID PERKINS,
JOHN V. LIEN,
MARILYN WITTRY, and
HILDE ADLER,

                      Plaintiffs,                            ORDER

   v.

                                                                  15-cv-211-jdp

SCOTT NEITZEL, in his official capacity as
Secretary of the Wisconsin Department of Administration,
WISCONSIN DEPARTMENT OF ADMINISTRATION,
ANN WALSH BRADLEY, in her official capacity as
a justice of the Wisconsin Supreme Court,
N. PATRICK CROOKS, in his official capacity as
a justice of the Wisconsin Supreme Court,
MICHAEL J. GABLEMAN, in his official capacity as
a justice of the Wisconsin Supreme Court,
DAVID T. PROSSER, JR., in his official capacity as
a justice of the Wisconsin Supreme Court,
PATIENCE D. ROGGENSACK, in her official capacity as
a justice of the Wisconsin Supreme Court,
ANNETTE KINGSLAND ZIEGLER, in her official capacity as
a justice of the Wisconsin Supreme Court,
PAM RADLOFF, in her official capacity as
Deputy Director of Management Services, Wisconsin State Courts,
MARGARET BRADY, in her official capacity as
human resources officer for the Wisconsin State Courts,
DOUG LA FOLLETTE, in his official capacity as
Secretary of State of the State of Wisconsin, and
MATT ADAMCZYK, in his official capacity as
State Treasurer of Wisconsin,

                      Defendants.

---

      Five Wisconsin voters have moved to intervene as defendants in this suit. Dkt. 9. Each of the voter-intervenors voted for the amendment to the Wisconsin Constitution that changed the manner of selecting the chief justice of the state supreme court. Two of the voter-intervenors have worked on recall campaigns, and they consider themselves advocates of "direct

democracy." I will deny the motion to intervene because the interests of the voter-intervenors are adequately represented by the existing parties. This case should be decided promptly, and allowing the voter-intervenors to participate as parties, which would give them the right to file their own motions, would needlessly complicate and delay this case.

The defendants' side will, presumably, be represented by the Wisconsin Attorney General, whose duties include defending the laws of Wisconsin against constitutional challenge. I expect that the attorney general will oppose the relief sought by plaintiffs; one of the defendants has publicly expressed the intent to implement promptly the new method for selecting the chief justice.

The voter-intervenors have not established that the existing parties will not adequately represent their interests, which is a requirement for intervention of right under Federal Rule of Civil Procedure 24(a). The attorney general is presumed to adequately represent the interests of the voter-intervenors, who also seek to defend the law that is being challenged in this case and to press for its immediate implementation. The presumption could be overcome by a showing of negligence or bad faith, *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 774 (7th Cir. 2007), but the voter-intervenors make no such showing. Rather, the voter-intervenors argue that because the attorney general and the other defendants are all government officials, they might pull their punches out of fear that their own terms of office could be affected by the energetic exercise of direct democracy. Thus, according to the voter-intervenors, they should be allowed to intervene because the existing parties are not sufficiently committed to the continued vitality of direct democracy.

This case does not imperil the continuing vitality of direct democracy in Wisconsin. Plaintiffs do not challenge the validity of the constitutional amendment, nor do they challenge the manner in which constitutional amendments are enacted in Wisconsin. The issue in this

case is a narrow one: whether the timing of the implementation of the amendment infringes plaintiffs' rights under the Federal Constitution. The existing defendants, represented by the Wisconsin Attorney General, are well positioned to represent the interests of the voter-intervenors on the matters at issue in this case. This case affords no opportunity to advance or retard the general cause of direct democracy, and it will have no impact on the right of Wisconsin citizens to petition for the recall of elected officials.[1]

The voter-intervenors seek, in the alternative, permission to participate as amicus curiae and to file their motion to dismiss in that capacity. I will not allow the voter-intervenors to file their own motions because such non-party motions would needlessly burden the court and the existing parties. The voter-intervenors have not shown that they have any unique perspective or information that would assist the court, beyond what the existing parties will provide. Accordingly, I will not allow the voter-intervenors to participate as amicus curiae. *Cf. Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616-17 (7th Cir. 2000) (explaining Seventh Circuit policy disfavoring amicus briefs).

Accordingly, IT IS ORDERED that Chris Kliesmet, Orville Seymer, Chris Martinson, Vincient Schmuki, and Dara Maillette's motion to intervene, or in the alternative, to participate as amicus curiae, Dkt. 9, is DENIED.

Entered April 14, 2015.

---

[1] The voter-intervenors suggest that if they are not allowed to intervene in this case, they will have to file a separate action for declaratory judgment to vindicate their interests. Thus, they argue, intervention would be efficient because it would avoid the need for multiple lawsuits. I am skeptical that the voter-intervenors would have standing to pursue such a case. But it is clear that the voter-intervenors will not foster efficiency, no matter how they attempt to wedge themselves into this case.

BY THE COURT:

s/

_____
JAMES D. PETERSON
District Judge