IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHIRLEY S. ABRAHAMSON,
JOSEPH P. HEIM,
DAVID PERKINS,
JOHN V. LIEN,
MARILYN WITTRY, and
HILDE ADLER,

                Plaintiffs,                ORDER

   v.

                                                15-cv-211-jdp

SCOTT NEITZEL, in his official capacity as
Secretary of the Wisconsin Department of Administration,
WISCONSIN DEPARTMENT OF ADMINISTRATION,
ANN WALSH BRADLEY, in her official capacity as
a justice of the Wisconsin Supreme Court,
N. PATRICK CROOKS, in his official capacity as
a justice of the Wisconsin Supreme Court,
MICHAEL J. GABLEMAN, in his official capacity as
a justice of the Wisconsin Supreme Court,
DAVID T. PROSSER, JR., in his official capacity as
a justice of the Wisconsin Supreme Court,
PATIENCE D. ROGGENSACK, in her official capacity as
a justice of the Wisconsin Supreme Court,
ANNETTE KINGSLAND ZIEGLER, in her official capacity as
a justice of the Wisconsin Supreme Court,
PAM RADLOFF, in her official capacity as
Deputy Director of Management Services, Wisconsin State Courts,
MARGARET BRADY, in her official capacity as
human resources officer for the Wisconsin State Courts,
DOUG LA FOLLETTE, in his official capacity as
Secretary of State of the State of Wisconsin, and
MATT ADAMCZYK, in his official capacity as
State Treasurer of Wisconsin,

                Defendants.

---

       The court held a status conference on April 21, 2015, to set the schedule for this case. Defendants confirmed that their position is that the amendment will be effective when the election is certified (likely on April 29) and that the new method for selecting a chief justice should be effectuated promptly. Counsel for the Justices Crooks, Gableman, Prosser,

Roggensack, and Ziegler indicated that his clients believed that they had the obligation to elect a new chief justice more or less immediately, in any case before this court would issue a final decision on the merits.

The court set a briefing schedule for plaintiffs' motion for preliminary injunction: defendants' oppositions are due May 4, 2015; plaintiffs' reply is due May 11, 2015; the court will hold a hearing on May 15, 2015, at 9:00 a.m. The deadline for defendants' answers or other responsive pleadings is extended to May 4. The court will set a briefing schedule on any motions under Rule 12 that are filed on May 4, but the parties should be prepared to address issues raised in any such motions at the May 15 hearing.

The court will set the calendar for the rest of the case after it issues a decision on plaintiffs' motion for preliminary injunction. Given that this case presents questions of law based largely on legislative facts, the court encouraged the parties to develop the factual record by stipulation. Any party who decides that discovery is necessary must seek leave before serving discovery requests. Leave will be granted if it is promptly sought and good cause is shown. The court expects that this case will progress quickly enough so that a final decision can be made before August 1, 2015.

Plaintiffs renewed their request for a temporary restraining order, on which the court heard argument. For reasons stated during the hearing, the court denies that motion. When and how to implement a duly passed amendment to the Wisconsin Constitution is a question of state law, not federal law. Plaintiffs have made a plausible showing that they have interests that may be recognized by the Federal Constitution, and that those interests may be infringed by the way in which Wisconsin implements the new method for selecting a chief justice. But plaintiffs have not shown that they would suffer significant irreparable harm in the absence of a temporary restraining order, or that any harm to them would outweigh the harm that

defendants would suffer from such an order. *See Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004) ("[T]he moving party must show that . . . they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted."). If plaintiffs prevail, Justice Abrahamson can be reinstated and her lost salary repaid. Such a change in chief justice would be inconvenient for all, but plaintiffs have not demonstrated any enduring harm to their interests that would flow from the interruption in her service as chief justice. Based on the presentations of the parties so far, greater harm would flow from this court's interference in the election of a new Chief Justice of the Wisconsin Supreme Court.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' renewed motion for a temporary restraining order is DENIED.
2. Briefing on plaintiffs' motion for preliminary injunction is set as provided above.
3. Defendants may have until May 4, 2015, to answer or otherwise respond to plaintiffs' complaint.

Entered April 22, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge