IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHIRLEY S. ABRAHAMSON,
JOSEPH P. HEIM,
DAVID PERKINS,
JOHN V. LIEN,
MARILYN WITTRY, and
HILDE ADLER,

                Plaintiffs,

   v.

SCOTT NEITZEL, in his official capacity as
Secretary of the Wisconsin Department of Administration,
WISCONSIN DEPARTMENT OF ADMINISTRATION,
ANN WALSH BRADLEY, in her official capacity as
a justice of the Wisconsin Supreme Court,
N. PATRICK CROOKS, in his official capacity as
a justice of the Wisconsin Supreme Court,
MICHAEL J. GABLEMAN, in his official capacity as
a justice of the Wisconsin Supreme Court,
DAVID T. PROSSER, JR., in his official capacity as
a justice of the Wisconsin Supreme Court,
PATIENCE D. ROGGENSACK, in her official capacity as
a justice of the Wisconsin Supreme Court,
ANNETTE KINGSLAND ZIEGLER, in her official capacity as
a justice of the Wisconsin Supreme Court,
PAM RADLOFF, in her official capacity as
Deputy Director of Management Services, Wisconsin State Courts,
MARGARET BRADY, in her official capacity as
human resources officer for the Wisconsin State Courts,
DOUG LA FOLLETTE, in his official capacity as
Secretary of State of the State of Wisconsin, and
MATT ADAMCZYK, in his official capacity as
State Treasurer of Wisconsin,

                Defendants.

ORDER

15-cv-211-jdp

---

I denied plaintiffs' motion for preliminary injunction on May 19, 2015. Dkt. 77. Plaintiffs appealed. Dkt. 81. Now they now move to stay this case until their appeal is decided. Dkt. 91. The primary defendants oppose the stay. Dkt. 94. Justice Bradley and Secretary of State LaFollette (through his conflicts counsel) apparently consent to the stay. I welcome input

from the court of appeals, but I will deny the motion for a stay. The parties—including plaintiffs—agreed to an expedited schedule that will allow me to reach a prompt decision on the merits. No matter what my decision is, I expect that it will be appealed. The sooner the merits of this case get to the court of appeals, the better for all concerned. The bottom line is that rendering a well-considered but very prompt decision is the best thing that I can do for the parties and for the citizens of Wisconsin.

Plaintiffs do not meet the criteria for a stay. "The standard for granting a stay pending appeal mirrors that for granting a preliminary injunction. . . . Stays, like preliminary injunctions, are necessary to mitigate the damage that can be done during the interim period before a legal issue is finally resolved on its merits." *A & F Enters., Inc. II v. IHOP Franchising LLC*, 742 F.3d 763, 766 (7th Cir. 2014) (internal citations omitted). Thus, courts consider the moving party's likelihood of success on appeal, the irreparable harm to both sides, and whether the public interest favors a stay. *Id.* A "sliding scale" approach guides the analysis, and the lower a moving party's chance of success on appeal, the stronger its showing must be on the balance of harms and public interest. I must emphasize that I have not reached any final decision on the merits. But based on the presentations of the parties so far, plaintiffs have a plausible, but not compelling, case on the merits, and so they have higher hurdles to clear with regard to the balance of harms and the public interest. *See* Dkt. 77, at 4. But just as these considerations weighed against issuing a preliminary injunction, they now weigh against staying this case.

Beginning with the balance of harms, plaintiffs contend that a stay is necessary to prevent compounding the injury that they suffered when I erroneously denied their request for a temporary restraining order. I find this argument illogical: if the denial of the restraining order was wrong, we should get to the merits quickly so that plaintiffs can get permanent relief. If the court of appeals rules on the injunction while the merits are pending in this court, then I will

immediately follow that ruling. But a stay of this case will most likely prolong, rather than alleviate, any injury to plaintiffs. Plaintiffs also contend that defendants will not suffer any harm from delaying these proceedings because there will be no preliminary injunction in place during the appeal, and defendants can continue treating Justice Roggensack as the chief justice of the Wisconsin Supreme Court. But plaintiffs overlook that defendants have an interest in resolving the uncertainty over who is the lawful chief justice as quickly as possible. Postponing a resolution by staying this case prolongs that uncertainty. If the Seventh Circuit affirms this court's denial of plaintiffs' motion for preliminary injunction, then the delay will have been for naught. Plaintiffs do not persuasively explain what injury they will suffer without a stay. They repeat their arguments about suffering harm through deprivation of their constitutional rights, but a stay would not redress those alleged injuries.

  Plaintiffs' primary justification for a stay is that it will allow the Seventh Circuit to provide guidance on plaintiffs' claims, which could inform my resolution of the case. Plaintiffs have asked the court of appeals for a briefing schedule that would place their appeal under advisement to that court in mid-July, assuming that there is no oral argument. If the court of appeals rules shortly after that (as plaintiffs assert could happen), then I will have that court's guidance for my decision, even without a stay. But if the Seventh Circuit takes more time to decide the appeal, then a stay will create significant delay in this court. And waiting for guidance could prove to be futile, given that the court of appeals will not have a full presentation on the merits in plaintiffs' current appeal. Whatever the marginal benefit that plaintiffs may receive from having a Seventh Circuit opinion on the injunction in hand before the case in this court is decided, it does not outweigh the harm that defendants would suffer from drawing out the uncertainty surrounding the administration of Wisconsin's judicial system. At best, the balance of harms is even.

As with plaintiffs' motion for preliminary injunction, the public interest is the decisive factor. The public has an interest in prompt resolution of this dispute. The transition from one chief justice to the next has been less than seamless, but staying this case will do nothing to improve that unfortunate situation. I have consistently expressed my commitment to the swift final resolution of this case, an objective that is undeniably in the public interest. A stay would only frustrate that objective.

Accordingly, IT IS ORDERED that plaintiffs' motion to stay proceedings pending appeal, Dkt. 91, is DENIED.

Entered June 4, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge