IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHIRLEY S. ABRAHAMSON,
JOSEPH P. HEIM,
DAVID PERKINS,
JOHN V. LIEN,
MARILYN WITTRY, and
HILDE ADLER,

                Plaintiffs,

   v.

SCOTT NEITZEL, in his official capacity as
Secretary of the Wisconsin Department of Administration,
WISCONSIN DEPARTMENT OF ADMINISTRATION,
ANN WALSH BRADLEY, in her official capacity as
a justice of the Wisconsin Supreme Court,
N. PATRICK CROOKS, in his official capacity as
a justice of the Wisconsin Supreme Court,
MICHAEL J. GABLEMAN, in his official capacity as
a justice of the Wisconsin Supreme Court,
DAVID T. PROSSER, JR., in his official capacity as
a justice of the Wisconsin Supreme Court,
PATIENCE D. ROGGENSACK, in her official capacity as
a justice of the Wisconsin Supreme Court,
ANNETTE KINGSLAND ZIEGLER, in her official capacity as
a justice of the Wisconsin Supreme Court,
PAM RADLOFF, in her official capacity as
Deputy Director of Management Services, Wisconsin State Courts,
MARGARET BRADY, in her official capacity as
human resources officer for the Wisconsin State Courts,
DOUG LA FOLLETTE, in his official capacity as
Secretary of State of the State of Wisconsin, and
MATT ADAMCZYK, in his official capacity as
State Treasurer of Wisconsin,

                Defendants.

ORDER

15-cv-211-jdp

---

The parties agreed that this case could be presented on a stipulated factual record, which they filed on May 29, 2015. Dkt. 86. A few days later, plaintiff Justice Abrahamson submitted an affidavit with additional material, Dkt. 89, and defendant Justice Bradley proposed to have

additional facts judicially noticed, Dkt. 90. The other defendant justices now move to strike Abrahamson's affidavit. Dkt. 105. I will grant this motion only in part.

The defendant justices (by which I mean those represented by attorney St. John) are correct that the Abrahamson affidavit contains some statements that are not based on personal knowledge and that falsely portray the negotiation of the stipulated facts. It was bad form to file the affidavit in this condition, and attorney Peck has offered an explanation and a tepid apology. Dkt. 92. I will grant the defendant justices' motion with respect to paragraph two of the Abrahamson declaration.

The defendant justices raise good questions about the relevance of information relating to the post-suit operations of the Wisconsin Supreme Court. But I will not strike this information merely because its relevance is not yet clear to me. Instead, I will allow Justice Roggensack's submission, Dkt. 104, to complete the picture, and the defendant justices can argue in their remaining brief that this information is irrelevant.

I would have much preferred that the parties stipulated to all necessary facts, or failing to stipulate to everything, that they had cooperated to submit additional non-stipulated facts. But, despite a few bumps in the road, it appears that we have managed to get the factual record submitted to the court, substantially by stipulation. As I indicted, aspects of the Abrahamson declaration were bad form, but the filing as a whole was not submitted in bad faith. Accordingly, sanctions under Federal Rule of Civil Procedure 56(h) are not appropriate.

Accordingly, IT IS ORDERED that defendants' motion to strike, Dkt. 105, is GRANTED in part, and DENIED in part. Paragraph two of the Abrahamson declaration, Dkt. 89, is STRICKEN.

Entered June 10, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge